IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO D. DAVIS, #212703, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:18-cv-16-WHA-SMD |
| ) | [WO] |
| JOHN CROW, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Antonio D. Davis, a state inmate at Staton Correctional Facility in Elmore, Alabama, brings this petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Davis challenges the constitutionality of the April 2017 decision of the Alabama Board of Pardons and Paroles' ("Parole Board") denying him parole. For the reasons that follow, the undersigned recommends that Davis's habeas petition (Doc. 1) be DENIED and that this case be DISMISSED with prejudice.

## I.  BACKGROUND

In September 2000, Davis pleaded guilty in the Circuit Court of Jefferson County to the offense of murder, in violation of § 13A-6-2, Ala. Code 1975. The trial court sentenced Davis to 20 years in prison. In April 2017, Davis went before the Parole Board for the third time since being imprisoned. The Board denied Davis parole due to his negative institutional conduct record, the severity of his offense, negative input from the victim's family and law enforcement, and a finding that his release would depreciate the seriousness of his offense or promote disrespect for the law. Doc. 5-1 at 34.

On May 9, 2017, Davis filed a state petition for writ of habeas corpus in the Circuit Court of Elmore County alleging that the denial of his parole was arbitrary and capricious because it was based on false information, specifically, that he struck the victim in the head with a pistol before shooting and killing the victim. Doc. 5-1 at 10–12. He further alleged he was denied equal protection because the Parole Board had granted parole to other, similarly situated inmates while denying his parole. *Id.* at 9–10, 12. Davis sought relief in the form of release on parole or a new parole hearing. *Id.* at 12–13.

On June 19, 2017, the State moved to convert Davis's habeas petition to a petition for a common-law writ of certiorari and to transfer the case to the Circuit Court of Montgomery County.[1] Doc. 5-1 at 16–17. Based on the State's motion, the Elmore Circuit Court treated Davis's petition as a petition for common-law writ of certiorari and transferred the case to the Montgomery Circuit Court. *Id.* at 19–23.

On July 25, 2017, the Parole Board filed a motion to dismiss Davis's petition for common-law writ of certiorari, arguing that Davis was not denied parole based on false, insufficient, or capricious reasons and that he was not denied equal protection of the law. Doc. 5-1 at 26–33. In support, the Parole Board attached a copy of its April 2017 order denying Davis's parole. *Id.* at 34. On July 26, 2017, the Montgomery Circuit Court dismissed Davis's petition for common-law writ of certiorari, finding Davis failed to

---

[1] Under Alabama law, initial review of an action by the Parole Board "is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley v. State of Ala. Bd. of Pardons & Paroles*, 849 So.2d 255, 257 (Ala. Crim. App. 2002).

establish that the Parole Board relied on false information and that Davis failed to allege facts to sustain his equal protection claim. Doc. 5-1 at 38.

Davis appealed to the Alabama Court of Criminal Appeals. Doc. 5-7. In a memorandum opinion issued on December 8, 2017, that court affirmed the Montgomery Circuit Court's judgment. *Id.* Davis did not file an application for rehearing with the Alabama Court of Criminal Appeals. Instead, he filed a petition for writ of certiorari in the Alabama Supreme Court on December 12, 2017. Doc. 5-5 at 2. On December 19, 2017, the Alabama Supreme Court issued an order advising Davis that Rule 39(c)(1) of the Alabama Rules of Appellate Procedure requires an application for rehearing to be filed with the Alabama Court of Criminal Appeals before the Alabama Supreme Court can review a petition for writ of certiorari and directing Davis to show cause why his petition for writ of certiorari could be reviewed without his having applied for rehearing. Doc. 5-5. The Alabama Court of Criminal Appeals entered a certificate of judgment on December 27, 2017. Doc. 5-4. Because Davis failed to show cause why his petition for writ of certiorari should not be stricken, the Alabama Supreme Court dismissed Davis's petition for writ of certiorari on January 11, 2018. Doc. 5-6.

On January 4, 2018, Davis filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 raising claims that: (1) the Parole Board's denial of his parole was arbitrary and capricious because it was based on false information that he struck the victim in the head with a pistol before shooting the victim; and (2) he was denied equal protection

because other similarly situated inmates were granted parole. *See* Doc. 1 at 14–15; Doc. 1-1 at 1-9.

## II. DISCUSSION

### A. Procedural Default

Respondents argue that Davis's claims are unexhausted and procedurally defaulted. Doc. 5 at 5–8. The undersigned addresses each of Respondents' arguments in turn.

#### *1. Exhaustion*

A petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State." 28 U.S.C. § 2254(1)(b)(1)(A). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

Under Alabama law, initial review of an action by the Parole Board is done through "a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County." *Henley*, 849 So.2d at 257; *see also Johnson v. State*, 729 So. 2d 897, 898 (Ala. Crim. App. 1997). A complete round of appellate review of an adverse ruling on a petition for common-law writ of certiorari in Alabama is by: (1) appealing the denial of the petition

4

to the Alabama Court of Criminal Appeals, *see* § 12-3-9, Ala. Code 1975; (2) applying to the Alabama Court of Criminal Appeals for rehearing, *see* Ala .R. App. P. 39(c)(1); and (3) seeking discretionary review (by petition for writ of certiorari) in the Alabama Supreme Court, *see, e.g.*, Ala. R. App. P. 39(c); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." (internal citations omitted)).

Here, Davis did not file an application for rehearing with the Alabama Court of Criminal Appeals after the court issued its December 8, 2017 opinion affirming the Montgomery Circuit Court's dismissal of his petition for common-law writ of certiorari. Accordingly, Davis failed to exhaust his claims through a complete round of state appellate review. Davis may no longer return to the Alabama courts to exhaust his claims because the time for him to apply for rehearing with the Alabama Court of Criminal Appeals has expired. The exhaustion and preclusion rules therefore coalesce into the procedural default of Davis's claims.

### *2. Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default ordinarily turns on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *See, e.g.*, *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982).

To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Murray,* 477 U.S. at 494 (internal quotations and emphasis omitted). A fundamental miscarriage of justice occurs only where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson,* 353 F.3d at 892. "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup,* 513 U.S. at 324.

Davis does not assert cause for his procedural default. Rather, he asserts that he is actually innocent of his 2020 murder conviction. *See* Doc. 1 at 14; Doc. 1-1 at 2.

6

Whether Davis makes this assertion as a freestanding claim of actual innocence or as a potential gateway to review of his procedurally defaulted claims, his claim of actual innocence is unavailing. Davis cannot attack his criminal conviction in a federal habeas petition seeking relief from a decision of the Parole Board. *See Conners v. Ala. Bd. of Pardon & Paroles*, 2019 WL 3798247, at *3 (N.D. Ala. 2019). Doing so amounts to a backdoor attack on his conviction through a habeas petition challenging his parole denial.

Furthermore, Davis present no new reliable evidence of his actual innocence. He merely asserts he is actually innocent. Doc. 1 at 14. His conclusory assertion does not satisfy the standard of *Schlup*. Nothing in the record corroborates Davis's assertion that his conviction is invalid. Davis's conclusory assertions (as discussed below) do not exonerate him of his murder conviction. Accordingly, Davis's procedurally defaulted claims are foreclosed from federal habeas review. Davis's § 2254 petition should therefore be denied.

**B. Merits**

Even if Davis's claims are not procedurally defaulted, they fail on the merits.

***1. False Information***

Davis claims the Parole Board's denial of his parole was arbitrary and capricious because it was based on false information that he struck the victim in the head with a pistol before shooting and killing the victim. Doc. 1 at 14–15; Doc. 1-1 at 1-9. "'[T]he mere possibility of parole provides simply 'a hope that is not protected by due process.' . . .

7

[T]he Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole." *Ellard v. Ala. Bd. of Pardons & Paroles*, 824 F.2d 937, 942 (11th Cir. 1987) (quoting *Thomas v. Sellers*, 691 F.2d 487 (11th Cir. 1983)). As an exception to the Parole Board's otherwise complete discretion in the granting of parole, an inmate can prevail on a claim that the denial of parole was arbitrary and capricious if the inmate establishes the Parole Board knowingly relied on admittedly false information in denying parole. *Monroe v. Thigpen*, 932 F.2d 1437, 1442 (11th Cir. 1991).

Other than Davis's conclusory assertion of his actual innocence, nothing in the record supports his conclusion that the Parole Board knowingly relied on false information in denying him parol. The record reflects that the Parole Board's reasons for denying parole included Davis's negative conduct while in prison, negative input from the victim's family and law enforcement, the severity of the offense, and the perception that Davis's release would depreciate the seriousness of the crime or promote disrespect for the law. Under the circumstances, Davis cannot show prejudice stemming from the Parole Board's alleged reliance on false information. *See Smith v. Bolling*, 2020 WL 4341721, at \*6 (N.D. Ala. 2020). Furthermore, even if, as Davis alleges, the Parole Board relied on false information, the Parole Board has not *admitted* that it did so *knowing* the information was false. Accordingly, Davis has not satisfied the exception detailed in *Monroe*. For these reasons, Davis is entitled to no relief on this claim.

### *2. Equal Protection*

Davis claims he was denied equal protection, based on race, because the Parole Board denied his parole although granting parole to other, similarly situated inmates. Doc. 1 at 14–15; Doc. 1-1 at 1-9. To establish an Equal Protection Claim, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) (quoting *Damiano v. Fla. Parole & Prob. Comm'n,* 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)). To succeed on an equal protection challenge, the claimant must demonstrate the existence of discriminatory intent:

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979); *see also Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993)).

Here, Davis fails to prove the existence of purposeful discrimination based on some constitutionally protected interest such as race, or that he has been treated differently than other similarly situated inmates. In his state petition for common-law writ of certiorari, Davis named two Alabama inmates charged with murder and later paroled. Doc. 5-1 at

9

10, 12. The race of the two inmates was not specified, and, other than the fact the inmates had been convicted of murder, Davis presented no facts indicating how the two inmates were similarly situated to him.

On appeal to the Alabama Court of Criminal Appeals from the dismissal of his petition, Davis named five inmates "with the same case as [his]" who were paroled. Doc. 5-2 at 10. Again, the race of the inmates was not specified, and Davis presented no facts indicating how the inmates were similarly situated to him. At most, Davis has merely alleged differential treatment. Mere differential treatment of similarly situated inmates, without more, fails to establish a violation of the Equal Protection Clause. Thus, Davis is entitled to no relief on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned magistrate judge that Davis's habeas petition (Doc. 1) be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that, on or before December 17, 2020, the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court

of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 3rd day of December, 2020.

/s/ Stephen M. Doyle
CHIEF UNITED STATES MAGISTRATE JUDGE